**Syed Abdul QUASHEM, Shanhana Begum, Syed Satwat Mehedi, Petitioners,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 05–1387–ag.

United States Court of Appeals, Second Circuit.

June 30, 2006.

Thomas E. Moseley, Newark, NJ, for Petitioner.

John C. Richter, United States Attorney for the Western District of Oklahoma, Kay Sewell, Assistant United States Attorney, Oklahoma City, OK, for Respondent.

PRESENT: ROGER J. MINER, JOSÉ A. CABRANES, ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Syed Abdul Quashem, his wife Shanhana Begum, and son Syed Satwat Mehedi, through counsel, petition for review of the BIA decision affirming Immigration Judge ("IJ") John Opaciuch's decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v.*

*Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ The IJ correctly determined that the arrests and beatings Quashem experienced in the past did not amount to persecution, which is an "extreme concept that does not include every sort of treatment our society regards as offensive." *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995); *see also Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005) (citing *Ghaly*). Quashem was arrested twice, detained for only a few hours each time, and did not experience major physical abuse during those detentions. "It is a well-established principle that minor beatings and brief detention, even detentions lasting two or three days, do not amount to political persecution." *Eusebio v. Ashcroft,* 361 F.3d 1088, 1091 (8th Cir.2004); *see also Ai Feng Yuan,* 416 F.3d at 198 (citing *Eusebio*).

■ However, the IJ erred in determining that the "third incident," involving Quashem's argument with the imam, did not constitute persecution. The IJ assumed that Quashem's argument with the imam had nothing to do with politics, but ignored evidence of the substantial interplay between religion and politics in Bangladesh. Quashem testified that members of a rival Islamic party, Jamaat–e–Islami, presided over the arbitration that resulted from the argument, and the 2002 State Department report confirms that "religion exerts a powerful influence on politics."

The IJ also made no mention of Dr. Adams' expert affidavit, prepared exclusively for Quashem's case, which provided extensive detail about the interplay between religious and political factions in Bangladesh, and how it related to Quashem's situation. While an IJ is not required to address explicitly every piece of evidence an applicant submits, the IJ is required to give some indication that he or she properly considered the relevant evidence in the record. *Yan Chen,* 417 F.3d at 272–73; *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 160 n. 13 (2d Cir. 2006). The IJ's mistaken assumption that religion and politics were unrelated in Bangladesh indicates that he did not consider this evidence.

Understood in the proper light, the IJ's downplaying of the events that followed this disagreement, specifically the mob attacking Quashem's house and threatening to hang him, are also erroneous. Moreover, "the fact that [Quashem] had to give an apology[,] donate some money, [and] stay out of politics" by order of the arbitration controlled by the rival party could constitute persecution.

However, this error alone would not compel us to vacate the decision, inasmuch as the showing of past persecution merely creates a rebuttable presumption of a well-founded fear of future persecution on the basis of the same claim. *See Tian–Yong Chen v. INS,* 359 F.3d 121, 126–27 (2d Cir.2004). This presumption can then "be rebutted if an IJ finds by a preponderance of the evidence that a petitioner 'could avoid a future threat to his or her life or freedom by relocating to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect the applicant to do so.'" *Singh v. BIA,* 435 F.3d 216, 219 (citing 8 C.F.R. § 1208.16(b)(1)(i)(B)). Here, both the IJ and the BIA determined that

Quashem had established a fear of future persecution, but that he could relocate from his home town in Faridpur to Dhaka.

■ The IJ and BIA[1] both erred, however, in finding that Quashem could relocate from Faridpur to Dhaka. *See* 8 C.F.R. § 1208.13(b)(i)(B). In making this finding, the IJ and BIA both credited Quashem's and his wife's testimony that his enemies were able to locate him when he fled to Dhaka, and continued to harass him with death threats. However, both the IJ and BIA assumed, erroneously, that the threats were neutralized because they were conditional on Quashem's continuing his involvement in Faridpur politics. Given that Quashem's very claim is that he fears persecution on account of his past and present political opinion, it would be unreasonable to expect him to stay out of politics.

Moreover, both the IJ and BIA again ignored the Adams affidavit when they assumed that the political conflict Quashem feared was purely localized, and that his fear was not reasonable when his party, the BNP, was in power. The affidavit explains that the BNP was divided into many local factions, and that the ruling faction was a rival, supported by the radical Jamaat–e–Islami party—whose members had previously declared Quashem an enemy. Dr. Adams further notes that the fortunes of Quashem's own faction had declined, and that since the BNP/Jamaat–e–Islami alliance came to power, oppression of the "fragmented political opposition" had increased.

Finally, the BIA misconstrued and too hastily dismissed the new evidence Quashem submitted with his appeal and request for remand, in particular the article about the assassination of a Faridpur BNP leader in Dhaka. While the BIA was not required to credit this evidence, it should have addressed whether evidence of harm to a similarly situated individual reinforced Quashem's fear of persecution. Instead, the BIA relied on the same mistaken assumption as the IJ, treating the article as reinforcing the findings that the violence was localized and that relocation was reasonable. Therefore, both the IJ and BIA erred in concluding that relocation to Dhaka was a safe and reasonable alternative, under all the circumstances. *See Hong Ying Gao v. Gonzales*, 440 F.3d 62, 71–72 (2d Cir.2006).

Quashem also argues that "[s]ince neither the BIA nor the [IJ] considered petitioner's CAT claim, the *sub silentio* denial [of that] claim should also be reversed and remanded." Although the record demonstrates that Quashem raised a CAT claim to the BIA, the record does not indicate that Quashem ever applied for CAT relief in the first instance. Neither the BIA nor IJ ever addressed a CAT claim or stated explicitly that no CAT claim was made. Accordingly, on remand, the BIA should determine whether a CAT claim has been

---

1. We reject Quashem's argument that the BIA's analysis rested on impermissible fact-finding. It is true that, for appeals filed after September 25, 2002, the BIA may review the IJ's factual findings only to determine whether they are clearly erroneous, and may not engage in fact-finding, other than taking administrative notice of commonly known facts. *See* 8 C.F.R. § 1003.1(d)(3)(i), (iv). However, the BIA retains the authority to review "questions of law, discretion, and judgment and all other issues in appeals from decisions of [IJs] *de novo.*" 8 C.F.R. § 1003.19(d)(3)(ii). Here, the BIA did not make any new findings of fact; it merely elaborated on facts the IJ had already emphasized and applied them to the relevant law. Moreover, Quashem's appeal included a request for a remand based on new evidence, which the BIA could not decide without considering the facts alleged therein.

made and, if so, the proper disposition of that claim.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMAND-ED for further proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACAT-ED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).